UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NUMBER: 18-14061-CIV-MARTINEZ-MAYNARD

CARMELO ETIENNE,
SOPHIA THELISMA,
MOORISH EMPIRE, and
MOORS,
               Plaintiffs

vs.

THOMAS LOVELAND, et.al.,

               Defendants.
_____/

**DEFENDANTS, JUDGE ROBERT PEGG AND
JUDGE VICTORIA L. GRIFFIN'S MOTION TO DISMISS
COMPLAINT AND MEMORANDUM OF LAW**

Defendants, the Honorable JUDGE ROBERT PEGG ("Judge Pegg") and JUDGE VICTORIA L. GRIFFIN (Judge Griffin) by and through their undersigned attorney and pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) move to dismiss this complaint with prejudice and would state as follows:

**RELIEF REQUESTED**

The Defendants, Judge Pegg and Judge Griffin, requests this court dismiss this Complaint *with prejudice* on the basis of (I) insufficient service of process, (II) judicial immunity, (III) qualified immunity, (IV) failure to state a cause of action, (V) Eleventh Amendment immunity, (VI) lack of subject matter jurisdiction pursuant to Rooker-Feldman Doctrine, and (VII) lack of subject matter jurisdiction pursuant to the Younger abstention doctrine. Additionally, the Motion to Dismiss should be granted with prejudice.

**PROCEDURAL HISTORY**

This is a *pro se* civil rights action for damages brought by Plaintiffs, Carmelo Etienne,

Sophia Thelisma, Moorish Empire and Moors. The Plaintiffs filed a violation of civil rights complaint with the Court on February 16, 2018 (DE#1) and then filed an "Amended Complaint for a Civil Case Alleging Breach of Contract" on March 19, 2018 (DE# 14). A review of the civil docket for this case reflects that the Plaintiffs filed yet another amended complaint for violation of civil rights on March 23, 2018 (DE#19) and still another on March 21, 2018 (DE#17).

The Plaintiffs filed with the Court Proofs of Service attaching a Return Receipt Cards from the United States Postal Service for Defendants, Judge Robert Pegg and Judge Victoria L. Griffins (DE#12) which were signed on or about March 8, 2018. This motion will presume the operative complaint for Defendants, Judge Pegg and Judge Griffin is the Complaint filed on February 16, 2018(DE#1). Judge Pegg and Judge Griffin file this motion and submit to this Court's jurisdiction, notwithstanding the insufficient and defective attempt at service of process, in order to most efficiently utilized court resources, both state and federal.

## STANDARD OF REVIEW

A review of a motion to dismiss for failure to state a claim or judicial immunity is de novo. Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004); Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001). Fed. R. Civ. P. 8(a) requires a "short and plain statement of the facts" in order to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." The court will look to the four corners of the complaint together with the incorporated documents when deciding a motion to dismiss. Benson v. QBE Ins. Corp., 61 F. Supp. 3d 1277, 1279 (S.D. Fla. 2014) quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). The complaint is viewed in the light most favorable to the plaintiff and the allegations are taken as true. Benson, 61 F. Supp. 3d 1277. See Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Dismissal is warranted

"if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" Benson, 61 F. Supp. 3d 1277 quoting Edwards, 602 F.3d 1276 (Internal citations omitted).

A *pro se* litigant is provided liberal construction in review of his pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Despite the leniency afforded to a pro se litigant, the court is permitted to dismiss complaints which are frivolous, malicious, or deficient. A lawsuit is frivolous if "the plaintiff's realistic chances of ultimate success are slight." Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990). Harris v. Menendez, 817 F.2d 737, 730 (11th Cir. 1987). "[A] frivolous complaint is one that lacks an arguable basis in law or fact." Moreland, 899 F.2d 1168 quoting Harris, 817 F.2d 737.

A review of the Complaint (DE#1) in this case reflects that the Plaintiff(s) have written the name of Judge Robert L. Pegg on page 3 of 6 as a Defendant No.3 and on III Statement of Claim on page 8 of 18 of the Complaint. Nowhere else does the name of Judge Robert L. Pegg appear in the complaint. The Plaintiff(s) just write the name of Judge Victoria L. Griffin on the line for Defendant No. 4 on page 3 of 6 the Complaint. Judge Griffin's name does not appear any other place in the complaint or its exhibits.

## SUMMARY OF ARGUMENTS

I. Insufficient Service of Process

II. Judicial Immunity

III. Qualified Immunity

IV. Failure to State a Cause of Action

V. Eleventh Amendment Immunity

VI. Rooker-Feldman Doctrine

VII. Younger Abstention

VIII. Dismissal Should be With Prejudice.

**MEMORANDUM OF LAW**

I. *Insufficient Service of Process*

    Fed. R. Civ. P. 4(e)(2) provides for service of an individual by either:

        a. delivering a copy of the summons and of the complaint to the individual personally;

        b. leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        c. delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

    Fed. R. Civ. P. 4(e)(1) provides for service of an individual by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

    Florida service of process is governed by Fla. Stat. § 48.031 (2009). Under Florida law, service is made by delivering directly to the person to be served a "copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents". Fla. Stat. § 48.031(1)(a).

    Florida law also provides that "process shall be served by the sheriff of the county where the person to be served is found, except initial non-enforceable civil process … may be served by a special process server appointed by the sheriff as provided for in this section or by a certified process server." See Fla. Stat. § 48.021(1). Sections 48.25-48.31, provide for certification of process servers by the "circuit court administrator and the clerk of the court in each county in the circuit." See Fla. Stat. § 48.29(1).

    Statutes governing substituted service of process must be strictly construed to ensure that a defendant receives notice of the proceedings and to ensure that the Court obtains personal

jurisdiction over the defendant. <u>Abbate v. Provident Nat. Bank</u>, 631 So. 2d 312, 313 (Fla. Dist. Ct. App. 1994).

Thus, regardless of whether Federal or State law is applied the primary method of service is personal service. Moreover, neither the Federal nor Florida Rules of Civil Procedure provide for service of initial pleadings upon individuals by certified mail where the defendant is located within the State of Florida. <u>See</u> Fed. R. Civ. P. 4; Section 48.031, Fla. Stat. (2017). Further, the Plaintiff(s) have failed to follow the strict requirements to request waiver of service by mail pursuant to Fed. R. Civ. P. 4 and have thus failed to properly serve the complaint.

Plaintiff(s) are attempting to effect service on Judge Pegg and Judge Griffin by mailing a copy of the summons and complaint via the United States Postal Service (see DE#12). There has been no personal service on the Defendants, Judge Pegg and Judge Griffin. The law is very clear, that "If a defendant receives mail service but chooses not to respond, the plaintiff must effect personal service. The defendant's actual notice of the lawsuit does not eliminate this requirement." <u>Schnabel v. Wells</u>, 922 F.2d 726, 728 (11th Cir. 1991) (summons and complaint served on defendant by certified mail, return receipt requested, was not proper service).

However, once we get passed the issue of service of process, this Complaint should be dismissed based on the following arguments.

II. *Judicial Immunity*

Judge Pegg and Judge Griffin are entitled to judicial immunity. Judicial immunity affords **absolute** protection against a claim for money damages. <u>Mireles v. Waco</u>, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Generally, a judge is immune from a suit for money damages. <u>Id.</u>

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, **shall be free to act upon his own convictions, without apprehension of personal consequences to himself.**

Id. at 10 quoting Bradley v. Fisher, 80 U.S. 335, 20 L. Ed. 646 (1871) (emphasis added).  Like other types of official immunity, judicial immunity is an immunity from the actual lawsuit and cannot be negated by claims of malice or bad faith.  Mireles, 502 U.S. at 11 (citations omitted). Such immunity applies however erroneous the act may have been and however injurious in its consequences it may have proved to the plaintiff. Cleavinger v. Saxner, 474 U.S. 193, 199–200, 106 S. Ct. 496, 500, 88 L. Ed. 2d 507 (1985) (quoting Bradley, 80 U.S. 335).  The law is firmly settled that judges are absolutely immune from civil liability "for their judicial acts even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985), quoting Bradley, 80 U.S. 335) 225, 351, Bradley, 80 U.S. 335.  Judicial Immunity is an immunity from the actual lawsuit and cannot be negated by claims of malice or bad faith.  Mireles, 502 U.S. at 11.

Judicial immunity is overcome only when a judicial officer is not acting within his or her capacity, or when the judicial officer acts completely without any jurisdiction.  Mireles, 502 U.S. at 11–12 (citations omitted).  Determination of whether an act is judicial depends on the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity. Mireles, 502 U.S. at 12 quoting Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099, 1108, 55 L. Ed. 2d 331 (1978). The relevant inquiry is the "nature" and "function" of the act, not the "act itself."  Mireles, 502 U.S. at 11 quoting Stump, 435 U.S. 349.

Judicial immunity is not defeated even if a Plaintiff accuses the defendant of a conspiracy to deprive him of his rights.  Dykes v. Hosemann, 743 F.2d 1488 (11th Cir. 1984), on reh'g, 776 F.2d 942 (11th Cir. 1985).  As long as the Judge had jurisdiction over the matter and his actions related to that matter, the judge has judicial immunity from suit even if he is alleged to have acted as a part of a conspiracy.  Slavin v. Curry, 574 F.2d 1256 (5th Cir.), opinion modified on denial of

reh'g, 583 F.2d 779 (5th Cir. 1978), and overruled by Sparks v. Duval Cty. Ranch Co., 604 F.2d 976 (5th Cir. 1979).

Judge Pegg and Judge Griffin are judicial officers serving in the Circuit Court of the Nineteenth Judicial Circuit.  In the instant action, Plaintiff(s) seek an award of compensatory and punitive damages for alleged deprivation of civil rights stemming from judicial actions taken by Judge Pegg and Judge Griffin.  The doctrine of Judicial Immunity is applicable in suits under 42 U.S.C. §1983.  See Stump, 435 U.S. at 356 citing Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967).  Accordingly, Judge Pegg and Judge Griffin are shielded by absolute judicial immunity and the Complaint should be dismissed.

III. Qualified Immunity

To the extent that Plaintiffs have sued Judge Pegg and Judge Griffin in their individual capacities and the Court determines that absolute judicial immunity does not apply, Judge Pegg and Judge Griffin are nevertheless entitled to qualified immunity from suit.  Qualified immunity of state officials is an immunity from suit; it extends beyond just the defense to liability and includes all aspects of civil litigation.  Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987).

Qualified immunity is "entitlement not to stand trial or face the other burdens of litigation . . . The entitlement is an immunity from suit rather than a mere defense to liability . . ." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) (first emphasis added, second emphasis in original). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery". Id.

Once qualified immunity is asserted, the plaintiff bears the burden of demonstrating that the federal rights allegedly violated were clearly established. Flores v. Satz, 137 F.3d 1275, 1277

(11th Cir. 1998); Foy v. Holston, 94 F.3d 1528 (11th Cir. 1996).  Once asserted, the Court must determine (1) whether the facts alleged by the plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was "clearly established" at the time of the defendant's alleged misconduct.  Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).  This burden cannot be met by generally stating constitutional rights.  Crosby v. Paulk, 187 F.3d 1339, 1345 (11th Cir. 1999); Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1283–85 (11th Cir. 1998).  The Plaintiff must establish more than legal truisms, he or she must demonstrate that the law fixed the contours of the right so clearly that a reasonable official would have understood his or her acts were unlawful.  Dolihite v. Maughon By & Through Videon, 74 F.3d 1027, 1040–41 (11th Cir. 1996).  Intent and motivation are insignificant to the wholly objective standard.  See Crosby, 187 F.3d 1339.  The Eleventh Circuit has described the application of qualified immunity as follows:

> That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities. (Footnote omitted) Harlow, 457 U.S. at 818 (officials "generally are shielded from liability for civil damages"); Barts v. Joyner, 865 F.2d 1187, 1190 (11th Cir. 1989) ("The Harlow, 457 U.S. 800 decision sets up a bright-line test that is a powerful constraint on causes of action under section 1983."); Dartland v. Metro. Dade Cty., 866 F.2d 1321, 1323–24 (11th Cir. 1989) (when "no bright-line standard puts the reasonable public employer on notice of a constitutional violation, the employer is entitled to immunity except in the extraordinary case where [First Amendment case law] would lead to the inevitable conclusion that the [act taken against] the employee was unlawful").  Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit.  See Malley v. Briggs, 475 U.S. 335, 341–43, 106 S. Ct. 1092, 1096–97, 89 L. Ed. 2d 271 (1986).  Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity.

Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994), abrogated by Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002).

The burden falls on Plaintiffs to demonstrate that Judge Pegg and Judge Griffin violated clearly established law or somehow abused their discretionary authority.  Zeigler v. Jackson, 716

F.2d 847, 849 (11th Cir. 1983). Here, Plaintiff(s) cannot meet that burden since a review of the facts as alleged in the Complaint cannot, and do not, support a civil rights deprivation action against Judge Pegg nor Judge Griffin. A Judge is entitled to Qualified Immunity where plaintiff failed to allege deprivation of actual constitutional right. Because it is clear from the four corners of the complaint that Judge Pegg and Judge Griffin are entitled to qualified immunity, dismissal of this action is appropriate.

IV. *Failure to State a Cause of Action.*

The Plaintiff(s) has failed to put forth sufficient allegations that the either Judge Pegg or Judge Griffin violated his/their civil rights pursuant to 42 U.S.C. §1983. To properly allege a §1983 action, the Plaintiff needs to allege that he was deprived of a federal right and the depravation was by a state actor. Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).

When claiming a §1983 action, the plaintiff must provide evidence of an actual causal connection "between a government actor's acts or omissions and the alleged constitutional violation, which 'may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation.'" Brown v. City of Huntsville, Ala., 608 F.3d 724, 737 (11th Cir. 2010), quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

Conclusory and vague assertions in "a § 1983 conspiracy is insufficient to withstand a motion to dismiss." Acutin v. City of Miami Beach, No. 1:10CV22051 JLK, 2010 WL 3430674, at *2 (S.D. Fla. Aug. 31, 2010), quoting Hansel v. All Gone Towing Co., 132 F. App'x 308, 309 (11th Cir. 2005). A complaint's allegations must contain facts which exceed speculation. Grider v. Cook, 590 F. App'x 876, 880 (11th Cir. 2014); see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008). A complaint will not survive based upon conclusory allegations, the plaintiff must put forth "sufficient facts to state a plausible claim for relief." Benson v. QBE Ins. Corp.*,* 61 F. Supp. 3d 1277, 1279 (S.D. Fla. 2014). See Ashcroft v. Iqbal, 556 U.S.

662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). See also Acutin v. City of Miami Beach, No. 1:10CV22051 JLK, 2010 WL 3430674 (S.D. Fla. Aug. 31, 2010) (S.D. Fla. Aug. 31, 2010). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007).

The facts alleged in the complaint must be such that there is a "reasonable inference that the defendant is liable for the misconduct" claimed. Benson, 61 F. Supp. 3d 1277, quoting Ashcroft, 556 U.S. 662.

Under a motion to dismiss a §1983 complaint, the complaint shall be dismissed where the alleged facts fail to "show that the defendant deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and that the defendant acted under color of state law." Gersten v. Rundle, 833 F. Supp. 906, 910 (S.D. Fla. 1993), aff'd, 56 F.3d 1389 (11th Cir. 1995). See also Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985).

The Plaintiff(s) is unable to pass a speculative level of claims of misconduct by either Judge Pegg or Judge Griffin. The only allegation in the Complaint (DE#1) as to Judge Pegg appears on Page 8 of 18 (DE#1) where it states: "Did not grant restraining order for hearing…". By virtue of the nature of lawsuits, it is expected that one party will not be satisfied with a court's ruling; dissatisfaction alone does not equate to a violation of one's civil rights. On the basis that the Plaintiff's allegations fail to put forth a proper claim for relief under a §1983 claim, this action should be dismissed.

V. *Eleventh Amendment Immunity*

The Defendant is afforded immunity pursuant to the eleventh amendment which is grounds for dismissal of this action.

The eleventh amendment bars federal court actions against state officials acting in their official capacity." Fla. Paraplegic Ass'n v. Martinez, 734 F. Supp. 997, 1001 (S.D. Fla. 1990). See Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).

The eleventh amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

A suit against a state official, although literally a person, is considered to be a suit against that person's office and is therefore the equivalent to a suit against a state. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "A state can be held liable in spite of the eleventh amendment when it specifically waives its immunity or when sued for injunctive (prospective) relief." Florida Paraplegic Ass'n, 734 F. Supp. 997. See also Edelman, 415 U.S. 651

Judge Pegg and Judge Griffin are individuals who sit and preside over the 19th Judicial Circuit Court in and for the County of Indian River of the State of Florida in the capacity as a judicial officer; this is clearly a public official role. Plaintiff(s) has brought suit against them, not as individuals but as public official actors. By virtue of their status, they are essentially an arm of the state of Florida who are therefore afforded protection from this suit pursuant to the Eleventh Amendment of the United States Constitution.

VI. *Rooker-Feldman Doctrine*

"Under the Rooker–Feldman doctrine, federal district courts lack subject matter jurisdiction to review final state court decisions." Nivia v. Nation Star Mortg., LLC, 620 F. App'x 822 (11th Cir. 2015). See Nicholson v. Shafe, 558 F.3d 1266, 1270–72 (11th Cir. 2009).

Since "lower federal courts possess no power whatever to sit in direct review of state court decisions" a plaintiff is barred to go before a federal court to challenge a state court judge's order. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), quoting Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 90, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970). The correct avenue to challenge an adverse judgment is by appealing to the state court appellate level. See Town of Hopkins, S. C. at 1219. "… [I]f a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in *any court* (except, of course, for appeals by right)." Zikofsky v. Mktg. 10, Inc., 904 So. 2d 520, 523 (Fla. Dist. Ct. App. 2005).

In this case if the Plaintiff(s) is contesting any order of either Judge Pegg or Judge Griffin, the Plaintiff's proper course of action to dispute an order entered by a Judge and any and all other orders is by way of exercising his or her right to appeal. Based on the Rocker-Feldman Doctrine this Complaint should be dismissed.

VII. *Younger Abstention*

To the extent that there may be a State Court proceeding still ongoing, where Judge Pegg and Judge Griffin are presiding, then the Younger Abstention doctrine applies. Younger v. Harris, 401 U.S. 37 (1971). "Federal courts abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings." Daniels v. Geraldi, 578 F. App'x 811 (11th Cir. 2014) citing to 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).

The Younger abstention is applied in civil proceedings that "vindicate important state interests or are necessary for the state's judicial system to function". Watson at *1. See also 31 Foster Children, 329 F.3d at 1274.

Federal courts should abstain from intervention in "a civil proceeding involving an order that uniquely furthers the state's ability to perform judicial functions." Watson at *1, quoting Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 134 S. Ct. 584, 591–92, 187 L. Ed. 2d 505 (2013).

There are three prongs which, when met, would permit abstention. The "state judicial proceedings must be ongoing, the proceedings must implicate important state interests, and the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state proceedings". Watson *at* *1, quoting 31 Foster Children, 329 F.3d 1255.

When analyzing the test, the court will look to whether the relief sought would disrupt and interfere with the state court action, regardless "if the relief sought would not terminate an ongoing proceeding". Watson at *1, quoting 31 Foster Children, 329 F.3d 1255. While there is a presumption that the state appellate proceedings would be sufficient to the Plaintiff's claim for relief, the Plaintiff is required to put forth evidence that the available state proceeding would not properly address his relief requested. Watson at *2.

Prior to involving the Federal District Courts, a plaintiff is required to first seek and exhaust his state appellate relief." City of Columbus v. Leonard, 443 U.S. 905, 908, 99 S. Ct. 3097, 61 L. Ed. 2d 872 (1979). The existence of state appellate levels precludes this action in federal court. An action may only be permitted in federal court "where there is no state forum available to vindicate federal interests" and "when the case calls for the interpretation of federal law" See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 270, 274, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997).

VIII. *Dismissal Should be With Prejudice.*

Although leave to amend may be given ordinarily, it need not be given where amendment would be futile. Port Marina Condo. Ass'n, Inc. v. Roof Servs., Inc., 119 So. 3d 1288, 1291 (Fla. Dist. Ct. App. 2013). See also Depaola v. Town of Davie, 872 So. 2d 377, 383 (Fla. Dist. Ct. App. 2004) ("A dismissal with prejudice should not be ordered without giving the party an opportunity to amend unless it is clear the pleading cannot be amended so as to state a cause of action.") In addition, Courts should deny leave to amend where there is prejudice to the opposing party. Rohatynsky v. Kalogiannis, 763 So. 2d 1270, 1272 (Fla. Dist. Ct. App. 2000).

Amendment would be futile in this case because no matter how Plaintiff may try to amend his Complaint, the underlying facts could not defeat judicial and sovereign immunity, or state cognizable causes of action. Leave to amend would not salvage the Complaint, but would instead serve only to prolong this baseless litigation.

## CONCLUSION

Based on the foregoing legal authorities and arguments, Plaintiff's complaint must be dismissed because (1) Judge Pegg and Judge Griffin are entitled to absolute judicial immunity; (2) Judge Pegg and Judge Griffin are entitled to immunity from suit under the Eleventh Amendment; (3) the complaint fails to state a cause of action upon which relief may be granted.

**WHEREFORE**, the Defendants JUDGE ROBERT PEGG AND JUDGE VIRGINIA L. GRIFFIN pray this Court Dismiss *with prejudice,* Plaintiffs' Complaint.

Dated: April 12, 2018.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL
/s/ Maria Guitian Barker
MARIA GUITIAN BARKER
Assistant Attorney General
Florida Bar Number 813966
Office of the Attorney General
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, FL 33301-5001
Ph: (954) 712-4600
Fax: (954) 527-3702
Email:
maria.guitianbarker@myfloridalegal.com
Attorney for the State Attorney's Office

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on the following counsel of record or pro se parties in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing:

 s/ Maria Guitian Barker
MARIA GUITIAN BARKER
Assistant Attorney General

## SERVICE LIST

Carmelo Etienne
1725    38 Street
Vero Beach, Florida 32960
Weareequalpeoplelive@gmail.com

Sophia Thelisma
1725    38 Street
Vero Beach, Florida 32960
Weareequalpeoplelive@gmail.com