**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Pierce Division**

SOPHIA THELISMA, et al.,
        Plaintiffs,        18-14061-cv-MARTINEZ/MAYNARD

v.

THE STATE OF FLORIDA, et al.,
        Defendants.
_____/

## DEFENDANT JEFFREY R. SMITH'S MOTION TO DISMISS AMENDED COMPLAINTS AT DOCKET ENTRIES 30 AND 31

Defendant, Jeffrey R. Smith, Clerk of Court for Indian River County, Florida ("Clerk Smith"), through his counsel and pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) moves to dismiss the Amended Complaints filed at Docket Entries 30 and 31 with prejudice, stating:

### PROCEDURAL HISTORY

This is a *pro se* lawsuit is brought by plaintiffs Sophia Thelisma, Carmelo Etienne, Moorish Empire, and Moors. (Dkt. 1, 30, 31). Plaintiffs have filed eight (8) complaints/amended complaints, but only the "amended complaints" at docket entries 30 and 31 name Clerk Smith as a party defendant.

On March 26, 2018, the Court referred to the Magistrate Judge for a ruling or report and recommendation on all pending motions. (Dkt. 23). While the instant Motion was not pending at that time, Defendant Clerk Smith respectfully requests that this Motion to Dismiss be added to the list of pending motions referred for resolution. Specifically, Defendant Clerk Smith requests that the Court dismiss the Amended Complaints with prejudice for (1) insufficient service of process, (2) failure to state a cause of action, (3) Judicial Immunity, and (4) Qualified Immunity.

**STANDARD OF REVIEW**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court retired the "unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief" standard under Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must allege factual allegations which are enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. "While a complaint...does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that *Twombly* applies to all civil lawsuits, not just antitrust cases or complex cases.

In *American Dental Association v. Cigna Corporation*, 605 F. 3d 1283, 1289 (11th Cir. 2010), the Eleventh Circuit thoroughly interpreted *Twombly* and *Iqbal* as follows:

> **First**, the Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Second**, restating the plausibility standard, the Court held that where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. The Court suggested that courts considering motions to dismiss adopt a two-pronged approach in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. **Importantly, the Court held in *Iqbal*, as it held in *Twombly*, that courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer**.

*Id*. at 1290 (Emphasis added).

**MEMORANDUM OF LAW**

**I.      Insufficient Service of Process.**

Fed. R. Civ. P. 4(e)(2) provides for service of an individual by either:

> a. delivering a copy of the summons and of the complaint to the individual personally;
> b. leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> c. delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1) provides for service of an individual by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Florida service of process is governed by Fla. Stat. § 48.031 (2009). Under Florida law, service is made by delivering directly to the person to be served a "copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents". Fla. Stat. § 48.031(1)(a). Florida law also provides that "process shall be served by the sheriff of the county where the person to be served is found, except initial non-enforceable civil process … may be served by a special process server appointed by the sheriff as provided for in this section or by a certified process server." *See* Fla. Stat. § 48.021(1).

Thus, regardless of whether Federal or State law is applied the primary method of service is personal service. Moreover, neither the Federal nor Florida Rules of Civil Procedure provide for service of initial pleadings upon individuals by certified mail where the defendant is located within the State of Florida. *See* Fed. R. Civ. P. 4; Section 48.031, Fla. Stat. (2017). Further, the Plaintiff(s) have failed to follow the strict requirements to request waiver of service by mail pursuant to Fed. R. Civ. P. 4 and have thus failed to properly serve the complaint.

Plaintiff(s) are attempting to effect service on Defendant Clerk Smith by mailing a copy of the summons and complaint via the United States Postal Service. There has been no personal service on the Defendant Clerk Smith. The law is very clear that "If a defendant receives mail service but chooses not to respond, the plaintiff must effect personal service. The defendant's actual notice of the lawsuit does not eliminate this requirement." *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991).

As a result, the Amended Complaints at docket entries 30 and 31 should be dismissed for failure to effectuate service of process.

## II. Failure to State a Claim for Relief.

### A. Amended Complaint at docket entry 30:

The Amended Complaint at docket entry 30 identifies Defendant Clerk Smith as "Defendant 2" on page 5 of 20. (Dkt. 30).

Plaintiffs provide a lengthy "statement of claim" on pages 3-6 and 10-32 that details in a rather rambling fashion numerous acts allegedly committed by numerous people in violation of Plaintiffs' civil rights conferred by, among other sources, the United States Constitution. *Id*. Specifically, the statement of claim in the Amended Complaint involves numerous alleged acts such as, removal of children from the home; arresting Carmelo Etienne at the hospital pursuant to an arrest warrant; violating HIPPA; landlord tenant actions; and actions that supposedly happened at or involve Indian River Medical Center (IRMC). (Dkt. 30, pp. 11-32). However, Defendant Clerk Smith's name is nowhere to be found in the statement of claim and no illegal, negligent, or tortious conduct is assigned to Defendant Clerk Smith.

The undersigned found it difficult to decipher Plaintiffs' handwriting and follow the chain of events outlined in the statement claim. Notwithstanding, it is clear that Plaintiffs do not allege that Defendant Clerk Smith individually or in his official capacity *personally* engaged in any conduct that harmed Plaintiffs. Plaintiffs state on page 4 of 35 that "all of which could have been avoided if only Judge Pegg and Clerks did not deny the 34 restraining orders between Carmelo and Sophia on the 1st and 9th of February 2018." This is the only mention in the Amended Complaint of "clerks" or anyone associated with Defendant Clerk Smith. The "all of which could have been avoided" is not clearly alleged by Plaintiffs but appears to involve some kind of family dispute between Plaintiff Sophia Thelisma and Plaintiff Carmelo Etienne. *Id*. at p. 3. The dispute apparently concerned conduct that caused intervention by law enforcement and the Florida Department of Children and Families, and judges in the Nineteenth Judicial Circuit. *Id*. It appears that this sole mention of "clerks" pertains to Plaintiffs' potential claim that Sophia or Carmelo was denied injunctions against domestic violence under Section 741.30, Fla. Stat. Again, Defendant Clerk Smith cannot determine from the Amended Complaint if in fact that is what Plaintiffs allege, but if they do, the claim is subject to dismissal for failure to state a claim. Specifically, Section 741.30 does not authorize Defendant Clerk Smith to issue an injunction or restraining order, but rather to collect filing fees and provide certain information and assistance. § 741.30(2)(c)1-8, Fla. Stat.

Here, Plaintiffs do not allege that Defendant Clerk Smith failed to comply with any statutory duties, but rather claim some unidentified "clerks" denied 34 restraining orders. (Dkt. 30, p. 4). The "34 restraining orders" are not identified nor are any facts pled as to what the restraining orders were meant to accomplish. Simply put, Plaintiffs fail to allege any connection or nexus between Defendant Clerk Smith and the allegations of wrongdoing.

**B.     Amended Complaint at docket entry 31:**

The Amended Complaint at docket entry 31 identifies Defendant Clerk Smith as "Defendant 2" on page 2 of 11. (Dkt. 31). Plaintiffs also identify Defendant Clerk Smith in section II(B)(3) on page 4 in the section titled "the amount in controversy." In that section, Plaintiffs simply write-in Defendant Clerk Smith's name and state "breach of contract 1.5 trillion misprision of treason." *Id*. That section deals solely with Plaintiffs' claim as to the Court's jurisdiction. However, in section III titled "statement of claim," Plaintiffs do not identify Defendant Clerk Smith as one of the alleged culprits that violated Plaintiffs' civil rights or other rights. *Id*. Instead, Plaintiffs identify various state agencies, judges, and law enforcement officers as engaging in various acts that form the basis for Plaintiffs' claims. *Id*. Specifically, Plaintiffs claim various violations of their right to free speech, unlawful imprisonment, refusal to take complaints, defamation of character, seizure of assets, kidnapping of their children, and other acts. However, the important point is that neither Defendant Clerk Smith nor his office is identified, directly or indirectly, as having anything to do with allegations contained in Plaintiffs' statement of claim.

As a result of the foregoing, Plaintiffs have failed to satisfy the Supreme Court's dictate in *Twombly* and *Iqbal* to provide the specific grounds of their entitlement to relief through more than labels and conclusions or a formulaic recitation of the elements of a cause of action. In the Amended Complaints at docket entries 30 and 31, Plaintiffs merely provide an incoherent recitation of alleged acts over an unspecified course in time that supposedly violated numerous federal and state laws. But at each turn Plaintiffs fail to allege any connection or nexus between Defendant Clerk Smith and these alleged acts. Therefore, the Court should dismiss Defendant Clerk Smith as a defendant in the Amended Complaints at docket entries 30 and 31.

### III.  Judicial Immunity.

Defendant Clerk Smith is entitled to absolute judicial/quasi-judicial immunity.  While Plaintiffs have failed to allege facts sufficient to state a claim, even if they did, Defendant Clerk Smith was merely performing his statutory duties to receive court filings for processing into the official court record and/or official county record, which means all such acts were integral to the judicial process and protected by immunity.  *Stump v. Sparkman*, 435 U.S. 349 (1978); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Eades v. SterlinskeI,* 810 F. 2d. 723 (7th Cir. 1987) (clerk of court entitled to absolute judicial immunity because their duties were integral to the judicial process, even though the judge's conduct was reprehensible); *Bugoni v. Slosberg*, 2011 WL 579228 (S.D. Fla. February 9, 2011) (clerks of court were entitled to judicial immunity because their acts were integral to the judicial process); *Eye v. Cohn*, 2011 WL 5508484 (S.D. Fla. November 8, 2011) (federal district court clerk is entitled to absolute immunity for exercising his discretion to cease trying to deliver copies of filings after several previous attempts failed); *Zoba v. City of Coral Springs*, 189 So. 3d 888 (Fla. 4th DCA 2016 (Clerk of court entitled to judicial immunity for retaining funds paid as a result of traffic infractions).

A clerk of court's absolute judicial immunity remains entirely intact even when his exercise of judicial authority is mistaken or plagued by procedural errors (although that is not the case here).  *Stump*, 435 U.S. 349.  Indeed, such immunity survives even when the challenged conduct derives from wholly erroneous judicial decisions.  *See McDaniel v. Harrell*, 87 So. 66, 72 (Fla. 1927).  Further, a clerk of court's absolute immunity extends to claims arising from his performance of routine, ministerial duties that are integrally related to the judicial process, including but not limited to, the creation and maintenance of records.  *Escambia County v. Bell*, 717 So. 2d 85, 88 (Fla. 1st DCA 1998).

### A. Amended Complaint at Docket Entry 30:

The Amended Complaint at docket entry 30 does not, as stated above, assign any nefarious conduct to Defendant Clerk Smith.

Specifically, the statement of claim in the Amended Complaint involves numerous alleged acts removal of children from the home; arresting Carmelo Etienne at the hospital pursuant to an arrest warrant; violating HIPPA; landlord tenant actions; and actions that supposedly happened at or involve Indian River Medical Center (IRMC). (Dkt. 30, pp. 11-32). The undersigned found it admittedly difficult to decipher Plaintiffs' handwriting and follow the chain of events outlined in the statement claim. Notwithstanding, it is clear that Plaintiffs do not allege that Defendant Clerk Smith individually or in his official capacity *personally* engaged in any conduct that harmed Plaintiffs. The only arguable reference to Defendant Clerk Smith is the brief statement on page 4 of 35 that "all of which could have been avoided if only Judge Pegg and Clerks did not deny the 34 restraining orders between Carmelo and Sophia on the 1st and 9th of February 2018."

It appears that this sole mention of "clerks" pertains to Plaintiffs' potential claim that one of them was denied injunctions against domestic violence under Section 741.30, Fla. Stat. Again, Defendant Clerk Smith cannot determine from the Amended Complaint if in fact that is what Plaintiffs allege, but if they do, the claim is subject to dismissal under the doctrine of absolute judicial immunity. Specifically, Section 741.30 does not authorize Defendant Clerk Smith to issue an injunction or restraining order, but rather to collect filing fees and provide certain information and assistance. § 741.30(2)(c)1-8, Fla. Stat.

**B.     Amended Complaint at docket entry 31:**

The Amended Complaint at docket entry 31 does not, as stated above, assign any nefarious conduct to Defendant Clerk Smith. The reference to breach of contract is contained solely in the basis for jurisdiction on page 4 of 11, but there are no factual allegations that support a claim for breach of contract or "misprison of treason."

However, if Plaintiffs are referring to Defendant Clerk Smith's receipt of court filings and the like related to the matters referenced in the statement of claim, then such acts would be integral to the judicial process and entitled to judicial immunity. Again, Defendant Clerk Smith does not concede that he engaged in any acts related to Plaintiffs' claims, but if he received filings as part of his responsibility as clerk of court, then he is entitled to immunity.

Based on the above-referenced authority, the Court should dismiss Defendant Clerk Smith from the lawsuit, with prejudice, based on judicial immunity.

**IV.    Qualified Immunity.**

Even if absolute judicial immunity did not apply, Defendant Clerk Smith is protected from suit by qualified immunity. *Snyder v. Nolen*, 380 F. 3d 279 (7th Cir. 2004) (clerk of court was entitled to qualified immunity for the performance of ministerial tasks and plaintiff failed to state a claim for deprivation of federal constitutional rights); *Shipp v. Todd*, 568 F. 2d 133 (9th Cir. 1978); *McLallen v. Henderson*, 492 F. 2d 1298 (8th Cir. 1974); *McCray v. Maryland*, 456 F. 2d 1 (4th Cir. 1972).

In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *See also Lumley v. City of Dade City*,

327 F. 3d 1186 (11th Cir. 2003).  A government official must first demonstrate that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  *Rich v. Dollar*, 841 F. 2d 1558 (11th Cir. 1988).  If the defendant satisfies this burden, the first prong of the test requires the plaintiff to show either that the official's actions violated clearly established constitutional law or a federal statute.  *Id*.  If no constitutional right would have been violated were the allegations established, there is no necessity for further inquires concerning qualified immunity.  *Id*.  However, if a constitutional right would have been violated under plaintiff's version of facts, the next step is to ask whether the right was clearly established.  *Id*.

Here, Plaintiffs have failed to allege any set of facts that show Defendant Clerk Smith was involved, directly or indirectly, in the acts that form the basis for the Amended Complaints at docket entries 30 and 31.  But if he did, then such acts would be limited to those described above.  While Defendant Clerk Smith contends he would be entitled to judicial immunity, even if he was not, he most certainly is entitled to qualified immunity.  Specifically, Plaintiffs cannot show that anything Defendant Clerk Smith did clearly violated Plaintiffs' established constitutional or federal rights.

As a result, Defendant Clerk Smith should be dismissed from this lawsuit, with prejudice, based on qualified immunity.

**V.      Other grounds for dismissal.**

Defendant Clerk Smith joins in the additional arguments for dismissal made by co-Defendants Judge Robert Pegg and Judge Victoria Griffin based on the Rooker-Feldman Doctrine and Younger Abstention Doctrine. (Dkt. 41).

## CONCLUSION

Based on the foregoing, the Court should dismiss Defendant Clerk Smith from this lawsuit, with prejudice, and award such other relief as the Court deems just and proper.

> Respectfully submitted,
>
> /s/ Jason L. Odom
> Jason L. Odom
> Florida Bar No. 0476950
> jodom@gouldcooksey.com
> Gould Cooksey Fennell, P.A.
> 979 Beachland Blvd
> Vero Beach, FL 32963
> Telephone: (772) 231-1100-Telephone
> Facsimile (772) 231-2020-Facsimile
> Attorney for Defendant Jeffery R. Smith

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9th, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this date on the following counsel of record or pro se parties in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing:

> /s/ Jason L. Odom
> Jason L. Odom

## SERVICE LIST

Carmelo Etienne
1725    38 Street
Vero Beach, Florida 32960
Weareequalpeoplelive@gmail.com

Sophia Thelisma
1725    38 Street
Vero Beach, Florida 32960
Weareequalpeoplelive@gmail.com