UNITED STATES DISTRICT COURT OF THE SOUTHERN DIVISION OF FLORIDA

CASE::18-14061- Martinez/Maynard

3¡2018mm000578A
3¡2018DP00028/29/50
3¡2018CA000102/103

MOORS;

SOPHIA THELISMA,

CARMELO ETIENNE,

<u>Affiants</u>



FILED by _____ D.C.

MAY 29 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

V.

Thomas loveland, Jeffery Smith, Et Al ,

<u>Wrong doers</u>

_____,

Response / AFFIDAVIT OF FACT/TRUTH

**ORDER TO DISMISS RESPONSE FROM ODOM IN REFERENCE TO DOCKET____ DUE TO FAILURE TO STATE AND SHOW STATUS AND NATIONALITY FOR THE RECORD**

1/2

1. Please Odom STATE AND SHOW STATUS AND NATIONALITY FOR THE RECORD AND ONLY AFTER STATUS AND NATIONALITY IS STATED SHALL YOU CONTINUE TO ANSWER THE FOLLOWING QUESTIONS.

2. Please Odom EXPLAIN HOW you have first hand knowledge of this matter, IF ANY and how would these AGENTS be in the best on the best interest of the children that are violataing the constitution and have enticed our natural flesh and blood children into slavery against there will.

3. ODOM LAWYERS ARE FOR SLAVES, AND THOSE WHO DO NOT KNOW THE LAW , AND A BAR REGRISTRATION NUMBER IS NOT A LISCENCE TO PRACTICE LAW

PLEASE NOTE THAT YOUR CLIENT IS THE CLERK OF COURT AND IS ALSO DEEMED TO KNOW THE LAW.

Owen v. Independence, 100 S.C.T. 1398, 445 US 622

"Officers of the court have no immunity, when violating a Constitutional right, from liability. For they are deemed to know the law!

4. . Only sovereign can file orders so we strike against all opposition and also his previous motions due to the that fact that he no first hand knowledge he is a terrorist at this present state . All Cases need to be move immediately to Supreme Court due failure to meet for settlement order by judge Martinez months ago.

MOOR;
[signature]

On May 26, 2018 in Vero Beach State of Florida, showed passports
Christine G Richard

Moor, muur;
Carmelo Etienne
U.C.C. 1-308, 1-207
moor, muur;
Carmelo Etienne
308; 1-207

[Notary seal: Notary Public State of Florida, Christine G Richard, My Commission GG 198623, Expires 03/21/2022]

2/:

In The United State District Court of the Southern District of Florida

# DISTRICT COURT OF APPEAL
# OF THE STATE OF FLORIDA FOURTH DISTRICT,

Located at
110 SOUTH TAMARIND AVENUE,
WEST PALM BEACH FL 33401

*18-14061-CV-Martinez/Maynard*

## Notice to the Court

In Reference to The cases **312018CA000102 /103**
they are still open in the 19th judicial circuit court Paul B. Kanarek is incompetent abusive malfeasance and crooked Kanarek kidnapped our children unlawful and illegally Kanarek retaliate against us for suing the courts and all the parties involve I don't see why should I be appeal when Kanarek been sue to on case 312018CA000102 and also FEderal courts to case number 18-14061-cv-Martinez /Maynard, Paul B Kanarek is Crooked and violated the RICO ACT,

All judgements set aside by paul b kanerek
Extrensic fraud, deprives the court of jurisdiction, obstruction of justice,

Notice to reset the hearing.

*Moer, Muur,*
*Carmelo Etienne*
*5-29-18*

United States District Court

18-14061-CV-Martinez
Maynard

FILED by _____ D.C.

MAY 29 2018

# INDIAN RIVER COUNTY COURT HOUSE

## Affidavit of truth/statement of claim

**NOTICE: Correct nature of suit to RICO ACT.**

**NOTICE transfer to the U.S. Supreme Court.**          312018CA000102
                                                        312018CA000103

**Notice of correction The Courts**, A11 Courts are bound to protect the Constitution and the Treaty of Peace and Friendship of Morocco in which Jeffery he violated,he is not immune for liability due to he was Acting in Both his official and Individual Capacity.

Jeffery violated the Oath of office when he took matters in to his on hands trying to retaliate for his friend William Lee Who also committed ask of grand theft and Carmelo Etienne request to see Jeffery R. Smith several times a the court house to stop all the harassment and Bodily injury suffered by his fellow RICO Crew member (IRCSO) who is caught on video countless of illegal and unlawful activities taking place by court members judges etc..

All of the violation of the RICO ACT Statue occur in Jeffery Smith court house under his eye .Jeffery Smith is part of the corruption he send Carmelo jury duty with an open case ,Jeffery also filed a NTA on case 312018MM000578Axxxxx he had the RICO crew (IRCSO) Kidnapped Carmelo Etienne and take Carmelo in to custody against his will and also the Kidnappers (IRCSO)commit ask of Human trafficking with due process of law ,
Jeffery is a Clerk playing Judge in his private Capacity which is the reason he end up on the lawsuit for Federal and in the state court.

Affidavit to set a side all of Judge Paul B. Kanarek judgments due to
Kanarek incompetent abusive malfeasance and crooked ,also Affidavit to vacate all of Paul B.kanarek judgement for violation the RICO ACT and also causing Carmelo bodily Harm broken bone and kidnapping Natural children from Carmelo Etienne and Sophia Thelisma which is retaliation for this civil suit that was filed since the 9 of February 2018 ,Kanarek also cover up for the Human Traffickers that committed home invasion and also assaulted Carmelo in the presence of his Children and kidnapped Carmelo from his Estate to take him to the hospital after 7 (IRCSO) Kidnappers broke his bone after interring with out a search warrant violating the 1st 4th and 5th Amendments right to the Constitution and Jeffery and Kanarek Extort Carmelo what every money he had left by posting bail ,dependency case 312018DP00028/29/50 .Kanarek refuse to acknowledged the Evidence that are turn in to the case because Paul B. kanarek is corrupted and crooked .
Kanarek failed to state his jurisdiction Status ,Nationality and Naturalization Kanarek got mad and misprison Carmelo against his will, crooked .

Moor:

Moor, Muur,
Carmelo Etienne

UCC 1207

UNITED STATES DISTRICT
COURT OF THE
SOUTHERN DIVISION
OF
FLORIDA

EXHIBIT 51

FILED BY _____ D.C.

MAY 29 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

PROOF OF RICO

3:18-14061-CV- MARTINEZ
- MAYNARD

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA
JUVENILE DIVISION

IN THE INTEREST OF:                  CASE NO.: 312018DP000028

VANTRELL E. BROWN       D.O.B. 05/13/2011
ZAKIYAH LESLIE WILLIAMS    D.O.B. 05/06/2015
MELLINO CARMELO ETIENNE   D.O.B. 03/17/2017

*Minor Children*

_____/

## ORDER OF ADJUDICATION, DISPOSITION, ACCEPTANCE OF CASE PLAN, AND NOTICE OF HEARING

THIS CAUSE came before this Court on the 22nd day of May, 2018, under Chapter 39, Florida Statutes, for the Disposition of the Petition for Dependency and acceptance of the Case Plan filed by the Department of Children and Families/Devereux CBC, hereinafter the Department. The Court, having reviewed the Petition, having heard testimony and argument of counsel, finds by a preponderance of the evidence as follows:

1. **Persons Present at the Hearing:** The following persons were present:

   | | |
   |---|---|
   | ☒ Attorney for the Department: | Melissa Kay Cline, Esq. |
   | ☒ Case Manager: | Suzanne Gaskill |
   | ☐ Mother: | Sophia Thelisma |
   | ☒ Father: | Vantrell Brown, Sr. |
   | ☒ Attorney for Father (Brown) | Christopher Hicks, Esq. |
   | ☐ Father: | Darryl Williams |
   | ☐ Attorney for Darryl Williams: | Jeffrey Battista, Esq. |
   | ☐ Father: | Carmelo Etienne |
   | ☒ Attorney for Guardian ad Litem: | Susan Prado, Esq. |
   | ☐ Custodian: | the Department |
   | ☐ Child: | Vantrell E. Brown |
   | ☐ Child: | Zakiyah Leslie Williams |
   | ☐ Child: | Mellino Carmelo Etienne |

2. **Presence of Children**: Pursuant to Rule 8.255(b), Fla. R. Juv. P.:
   ☒The following children were not present at hearing: [ X ]Vantrell E. Brown , [ X ] Zakiyah Leslie Williams, [ X ] Mellino Carmelo Etienne.
   ☒The hearing was conducted without presence as determined in the best interest for the following reason(s): previously excused by the court.

**Notice to caregiver:** Pursuant to Florida Rule of Juvenile Procedure 8.225(f)(3):
☒ Notice was provided to the caregiver, the Department when found, of the right to be present and an opportunity to be heard concerning the matters raised at this hearing.
☒ The caregiver ☐ appeared ☒ did not appear for the hearing and:
   ☐ was provided an opportunity to be heard and testified at the hearing.
   ☒ was provided an opportunity to be heard but declined the opportunity.
   ☐ provided a caregiver input form that was provided to and considered by the Court.

3. **Counsel for Parents:** The parent(s) or guardian was/were advised of the right to be represented by counsel throughout all hearings of the dependency proceedings.

   The mother, Sophia Thelisma:
   ☒ did not appear.

   The father, Carmelo Etienne:
   ☒ did not appear.

4. **Adjudication:**

   The case was before the court for an adjudicatory hearing (trial) on dependency on April 30, 2018, and May 1, 2018, on the petition filed by the Department of Children and Families ("the Department") on March 1, 2018. Based on the evidence presented, the Court granted the petition and adjudicated the children dependent.

   **The mother, Sophia Thelisma:**

   ☒ Adjudicatory Hearing: The case was before the court for an adjudicatory hearing (trial) on dependency on April 30, 2018, and May 1, 2018, on the petition filed by the Department of Children and Families ("the Department") on March 1, 2018. Based on the evidence presented, the Court granted the petition and adjudicated the children dependent.

   **The father, Vantrell Brown, Sr.:**
   ☒ Not Applicable: No allegations against this parent.

   **The father, Darryl Williams:**
   ☒ Not Applicable: No allegations against this parent.

   **The father, Carmelo Etienne:**

   ☒ Adjudicatory Hearing: The case was before the court for an adjudicatory hearing (trial) on dependency on April 30, 2018, and May 1, 2018, on the petition filed by the Department of Children and Families ("the Department") on March 1, 2018. Based on the evidence presented, the Court granted the petition and adjudicated the children dependent.

5.  **Findings of Fact and Reasonable Efforts:** The factual basis for the adjudication of dependency pursuant to section 39.01(15), *Florida Statutes*, is <u>as stated in the Final Judgment of Dependency</u> as follows:

    > *A report was generated through the Florida Child Abuse Hotline (hereinafter "hotline") and assigned to Indian River County for investigation. The investigation was initially assigned to Child Protective Investigator (CPI) Ashley Delaney, January 26, 2018, and alleged maltreatments of environmental hazards, domestic violence, and substance abuse. CPI Delaney interviewed Sophia Thelisma and Carmelo Etienne on January 26, 2018. Sophia Thelisma and Carmelo Etienne denied the allegations in the abuse report and admitted to "recreational" use of marijuana explaining they do not use marijuana in front of the Children. CPI Delaney observed the Children both asleep and awake. CPI Delaney briefly observed the inside of the residence.*
    >
    > *The following week, Sophia Thelisma and Carmelo Etienne, went to the Vero Beach Service Center. Sophia Thelisma and Carmelo Etienne wanted to speak to the supervisor and wanted to know who made the report to the hotline. Sophia Thelisma and Carmelo Etienne spoke to CPI Delaney at the Vero Beach Service Center. Sophia Thelisma and Carmelo Etienne made CPI Delaney feel uncomfortable due to their behavior which included yelling, appearing very agitated, and insisting there was a conspiracy between former landlord, William Lee, and the Vero Beach Police Department. CPI Delaney expressed her concerns to her supervisor, Thomas Loveland.*
    >
    > *Sophia Thelisma and Carmelo Etienne made a complaint with the Inspector General for the Department of Children and Families. The complaint was given to Operations Manager, Robert Shea.*
    >
    > *Sophia Thelisma and Carmelo Etienne returned to the Vero Beach Service Center, February 5, 2018, and spoke to Child Protective Investigator Supervisor (CPIS), Thomas Loveland. Sophia Thelisma and Carmelo Etienne were initially calm but escalated quickly becoming irate and irrational. Sophia Thelisma and Carmelo Etienne demanded closure of the investigation, demanded the investigative reports, wanted to know who made the report to the hotline, and wanted to press charges against the person who made the report.*
    >
    > *Robert Shea spoke to Sophia Thelisma and Carmelo Etienne multiple times with respect to their complaint. Sophia Thelisma and Carmelo Etienne wanted a copy of the reports and accused Thomas Loveland of being "racist". During all phone conversations Sophia Thelisma and Carmelo Etienne's voices were accelerated and loud. Sophia Thelisma and Carmelo Etienne complained about*

*conspiracies and other agencies. Robert Shea arranged for Sophia Thelisma and Carmelo Etienne to pick up their reports.*

*Sophia Thelisma and Carmelo Etienne met Critical Child Safety Practice Expert (CCSPE) Tim Slaven, at the Vero Beach Service Center. The intent of the meeting was for CCSPE Slaven to provide Sophia Thelisma and Carmelo Etienne with the reports they had requested from Robert Shea. Sophia Thelisma and Carmelo Etienne began filming the encounter with CCSPE Slaven before entering the Vero Beach Service Center. The video was played in Court and introduced into evidence.*

*In the video Sophia Thelisma and Carmelo Etienne are extremely agitated. Upon entering the Vero Beach Service Center, Sophia Thelisma and Carmelo Etienne, immediately stated their intent to report a hate crime and file charges on the DCF agents. CCSPE Slaven refers Sophia Thelisma and Carmelo Etienne to the Sheriff's Office. Sophia Thelisma and Carmelo Etienne make demands of CCSPE Slaven without giving him a chance to respond. Carmelo Etienne says "right now my life is at stake," and "this is a conspiracy." As Sophia Thelisma and Carmelo Etienne escalate in their tone and behavior, CCSPE Slaven tells Sophia Thelisma and Carmelo Etienne to calm down in front of their child.*

*Sophia Thelisma and Carmelo Etienne call Robert Shea after leaving the Vero Beach Service Center. Sophia Thelisma and Carmelo Etienne tell Robert Shea that Tim Slaven is a hit man hired by Robert Shea to kill them. Sophia Thelisma and Carmelo Etienne accuse Robert Shea of setting them up to be killed. Robert Shea responded by asking the parents where they were and explaining his concern for the welfare of the children. Sophia Thelisma and Carmelo Etienne hang up on Robert Shea.*

*Robert Shea testified Sophia Thelisma and Carmelo Etienne's irrational and paranoid statements caused him concern for the safety and welfare of the children and rose to the level of present danger. Robert Shea alerted the Program Administrator, Amy Gregory, who coordinated intervention by the mobile crisis team, to meet with the parents and assess their mental status. CPI Kenneth Shaw worked with mobile crisis in an effort to meet with the family. CPI Shaw went to the residence on February 8, 2018 and February 9, 2018; the family was not home. On February 9, 2018, CPI Shaw called Carmelo Etienne and spoke to him briefly on the phone before Carmelo Etienne hung up on CPI Shaw. CPI Shaw then called Sophia Thelisma. Sophia Thelisma answered the phone and spoke briefly to CPI Shaw before Carmelo Etienne took over the conversation, told CPI Shaw that Carmelo Etienne is not Haitian, he is American. Carmelo Etienne hung up on CPI Shaw. CPI Shaw communicated his efforts to Program Administrator Amy Gregory.*

*Amy Gregory directed a welfare check of the Children, February 10, 2018. CPI Anna Weatherly, CPI Steve Kalisik, and CPIS Tiffany Perry went to the residence on February 10, 2018, with law enforcement to complete the welfare check. Sophia Thelisma was in the residence (a small recreational vehicle) with the children. Sophia Thelisma refused to open the door. Sophia Thelisma was at the window, holding one of the children, screaming and yelling at the investigators. Sophia Thelisma was very upset, she did not believe the investigators were from the Department and during her yelling and screaming called the investigators "federal agents" and "assassins," that were sent there to kill "them." The oldest child was screaming and yelling, repeating the mother's rhetoric. The children were heard screaming and crying. The investigators called Robert Shea from the field and the decision was made to shelter the children. The investigators attempted to speak to the mother and explained the decision to shelter to Sophia Thelisma. Sophia Thelisma would not cooperate with the decision to shelter the children. Sophia Thelisma was told there would be a shelter hearing the following morning. Sophia Thelisma responded there is no Court on the weekend. The mother did not attend the shelter hearing on February 11, 2018.*

*After the shelter hearing, February 11, 2018, CPI Anna Weatherly returned to the residence with Corporal Scrivner and Deputy Hoilett to remove the children. Sophia Thelisma was in the residence with the children. Sophia Thelisma immediately began filming. Corporal Scrivner showed Sophia Thelisma the Court order through the window. Sophia Thelisma said the order was a fake. Sophia Thelisma yelled, directing law enforcement and the investigators to leave, yelled that her rights were being violated, yelled "this is treason," "this is harassment," "my phone is being tapped right now," "they're violating all of my amendment rights, my bill of constitution, my forefather's made that for me, the people who died, blood was in the dirt for me, enslaved, my forefathers," "this is a hate crime conspiracy, this is treason, this is treason, this is treason, this is treason!" While Sophia Thelisma is yelling through the window, Carmelo Etienne comes to the property filming on Facebook live. The children are in the RV screaming and crying. Vantrell (6) is yelling at law enforcement and investigators, "get off my property!" "I don't wanna leave" "white people just want black kids!" "y'all treat us like doo doo!" "y'all treat us like dogs!" "we just came from a moldy house," "you're try'in a kill us!" Sophia Thelisma coaches Vantrell and tells his what to say. The other two children are screaming and crying in the background. Carmelo Etienne approaches the window of the RV repeating the mother's rhetoric. The children's screaming, crying, and yelling intensifies when Carmelo Etienne approaches. Law enforcement shows*

> Carmelo Etienne the Court order placing the children in shelter care. Sophia Thelisma and Carmelo Etienne do not comply with the Court's order. Investigations and law enforcement were unable to safely enter the property to retrieve the children.
> 
> CPI Weatherly and Deputy Hoilett return to the RV the afternoon of February 11, 2018. CPI Weatherly and Deputy Hoilett enter the RV and observe the RV in disheveled condition with power cords running across the sink in the kitchen, hardly any place to walk, and little food in the refrigerator. The conditions of the home are hazardous to the children. Similar conditions were observed in the video the mother made hours earlier during the removal attempt described above.
> 
> Sophia Thelisma and Carmelo Etienne recorded multiple encounters with public agencies including Vero Beach Police Department, Police Chief Curry, Indian River County Sheriff's Office, Internal Affairs, and the Department of Children and Families. The children are present in many of these videos and are exposed to the parents' ongoing rhetoric of their lives being in danger, people out to kill them, treason, and conspiracy by government agencies out to get them. The children are then seen acting like their parents and displaying behaviors directly correlated to the parents' behavior. CPI Browder was responsible for placing Vantrell the evening he was removed. When CPI Browder stopped to get gas, Vantrell was immediately fearful and warned CPI Browder that they were being followed, that the feds were tracking them down.
> 
> Licensed Mental Health Counselor (LMHC), Annastasia Estman-Gallo, examined Sophia Thelisma and Carmelo Etienne's YOUTUBE videos dating back to November 2017. Twenty-eight (28) of the parents YOUTUBE videos reviewed by Ms. Eastman-Gallo were introduced into evidence, including videos made February 11, 2018, during the removal attempt, videos made between January 2018 and March 2018 portraying interactions between Carmelo Etienne, Sophia Thelisma, and public entities, and monologues made by Sophia Thelisma and Carmelo Etienne expressing overall paranoia and fear for their lives.

6. **Jurisdiction:** The minor children are of an age subject to the jurisdiction of this Court.

7. **Family Functioning Assessment (FFA):**
   ☒ The Department filed a Family Functioning Assessment (FFA) and it is in compliance with the statutory requirements. The parents were provided a copy of the FFA if their whereabouts are known.

8. **Case Plan:** The Department filed a case plan with the court. The case plan, permanency goal and tasks are incorporated into this order by reference. The terms of the case plan are

consistent with the requirements of law and previous orders of this court. The case plan and goal is meaningful, reasonable and designed to address the facts and circumstances on which the court based the finding of dependency. The case plan is in the best interest of the children. The parents were notified of the right to participate in the preparation of the case plan and of the right to receive assistance from any other person in the preparation of the case plan. The parents have the ability to comply with the case plan. The case plan goal is **Reunification** with a concurrent goal of **Adoption** and a goal date of **July 30, 2018.**

9. **Placement:**

    ☒**Out-of-Home Placement:** It is in the best interests of the children to remain out of the parents' home at this time. The children are receiving safe and proper care. The children's current placements are the least restrictive, are appropriate, are in a setting that is as family-like and as close to the parent's home as possible, are consistent with the children's best interests and special needs, and are designed to maintain stability in the children's educational placements. Continuation of the children in that home are <u>contrary to the welfare</u> of the children because the home situation presents a substantial and immediate danger to the children, which cannot be mitigated by the provision of the preventative services at this time. <u>Reasonable efforts</u> to prevent removal and eliminate the need for removal of the children from the home have been made by the Department of Children and Families; however, there is continued need for out-of-home placement to ensure the children's health, safety and well-being, and reunification with the mother and/or father at this time would be contrary to the best interest and welfare of the children. Upon consideration of the evidence presented, the court finds the children cannot safely remain at home with an in-home safety plan.

    **<u>The out-of home placement is</u>:**

    ☒**Foster Care with the Department.** Diligent efforts were made by the Department of Children and Families to locate an adult relative or non-relative caregiver willing to care for the children in order to present that placement option to this Court instead of continued placement with the Department of Children and Families. There are no known available relative or non-relative caregivers with whom the children can be placed at this time.

    The father, Vantrell Brown, requests a home study of the paternal grandmother, Satonya Early. The Department sent the home study packet to Miami last week for the home study to begin. The Department will report back to the court by the end of next week as to the status of the home study.

    THEREFORE, based upon the foregoing findings, it is hereby **ORDERED AND ADJUDGED** that:

1. **Adjudication:** The minor children are: adjudicated dependent pursuant to section 39.01(15)(a) and (f), *Fla. Stat.*

2. **Placement**: The children shall continue placement with the Department when found in licensed care under the protective supervision of the Department.
   The Department shall have placement and care responsibility while the children are under protective supervision in an out-of-home placement.

   The Department will complete a home study of the paternal grandmother of Vantrell, Satonya Early and file the home study with the Court. If the home study is not completed by the end of next week the Department must notify the Court of the status on the home study.

3. **The Family Functioning Assessment is**: accepted.

4. **The Case Plan is**: accepted. The case plan goal is **Reunification** with a concurrent goal of **Adoption** and a goal date of **July 30, 2018.**

   The [ X ] mother, Sophia Thelisma, [ ] father, Vantrell Brown, Sr., [ ] father, Darryl Williams, [ X ] father, Carmelo Etienne is/are hereby ordered to comply with the case plan.

   **If the parents fail to substantially comply with the Case Plan, their parental rights may be terminated and the children's out of home placement may become permanent.**

5. **Visitation**:
   Mother, Sophia Thelisma:
   ☒ No contact with the children.

   Father, Carmelo Etienne:
   ☒ No contact with the children.

6. **Consent to Treatment:** So long as the parents are unavailable, an authorized agent of the Department including an adult relative or non-relative caregiver if the children is/are placed with such relative or non-relative caregiver, may consent to the ordinary and necessary medical and dental examinations and treatment, including Early Periodic Screening, Diagnosis and Treatment (EPSDT) blood testing and other blood testing deemed diagnostically necessary by documented history or symptomatology; preventive care including ordinary immunizations, tuberculin testing, well-child care, but not including surgery, general anesthesia, HIV, and controlled substance blood testing, or other extraordinary procedures for which separate Court order or informed consent as provided by law shall be required.

7. **Medical Information**: The parents, legal custodians, legal guardians, or other caregivers, as applicable, shall provide the Department with all known information on the medical care and history of the child that is currently in their possession, including the names of all current and former medical providers of the child, within 24 hours of this order, and shall execute appropriate authorizations to release the child's medical information and records. Upon presentation of a copy of this order, a legal custodian appointed in these proceedings,

or in the absence of such a legal custodian, the Department, including shelter/foster parents, or the person primarily responsible for the case management of the child, is hereby authorized to obtain copies of the child's medical records from any entity, including but not limited to, public and private health care providers and facilities, and may execute appropriate authorizations to release the child's medical information and records. Providers and facilities may require identification and a signature to ensure compliance with state and federal medical records laws.

8. **Records of Children**: The parents shall make all medical, dental, psychological, psychiatric records and school records of the children available to the Department, and authorize the release of such records as needed for the continued supervision, care and custody of the children. So long as the parents are unavailable, an authorized agent of the Department including an adult custodian, if the children is/are placed with such adult custodian, may consent to the release of such records as needed for the continued supervision, care and custody of the children.

9. **Retention of Jurisdiction**: The Court retains jurisdiction to enter further orders as the Court may deem in the best interest and welfare of the children.

10. **Child Support Jurisdiction**: By order of this Court, jurisdiction is reserved or relinquished and transferred to the appropriate division of Circuit Court in all matters relating to paternity, support, insurance or reimbursement of the past public assistance obligation not addressed or disposed of by this court in these proceedings. The Title IV-D Child Support Enforcement Program, Section 409.2551-2597, Fla. Stat., shall be entitled to petition the Circuit Court for paternity, support, insurance or reimbursement of the past public assistance obligation. In reserving, relinquishing and transferring jurisdiction in the aforementioned matters to the appropriate division of the Circuit Court, this Court is fulfilling the requirements of Chapter 39, Fla.Stat.

11. **Removal of Child from Jurisdiction:** The child shall not be removed from the State of Florida without first obtaining the permission of the Court.

12. **Judicial Review Hearing:** A Judicial Review hearing is scheduled for July 30, 2018, at 9:00 AM, at the Indian River County Court House.

13. **Additional Rulings**: Carmelo Etienne and Sophia Thelisma are ordered to contact the department within 15 days of the date of this order for the purpose of scheduling their psychological evaluations, which are and essential part of the case plan going forward in this case.

    The father, Vantrell Brown's motion for sibling visits between the Child, Vantrell Brown, and Mr. Brown's other child, who is not under the Court's supervision and who is not been legally determined to be is child, is denied.

14. IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN, THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILDREN'S OUT-OF-HOME PLACMENT MAY BECOME PERMANENT.

15. **Report of Missing Child**: The custodians of any child subject to the jurisdiction of this Court are hereby directed to notify local law enforcement and the Department immediately at any time that the child is determined to be missing or the child's whereabouts are unknown.

DONE AND ORDERED in Vero Beach, Indian River County, Florida on the 22nd day of May, 2018. Signed the 23rd day of May, 2018.

PAUL B. KANAREK
Circuit Judge

Copies furnished to:

Melissa Kay Cline, Esq.  Melissa.Cline@myflfamilies.com
Jeffrey Battista, Esq.  jbattista@verolaw.net
Susan Prado, Esq.  susan.prado@gal.fl.gov
Christopher Hicks, Esq.  hickslaw@comcast.net
Sophia Thelisma  via regular United States mail 1725 38th Street, Vero Beach FL 32960
Carmelo Etienne  via regular United States mail 1725 38th Street, Vero Beach FL 32960

# Notices to Persons With Disabilities

**ENGLISH:**
**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SPANISH:**
**Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court**

Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

### KREYOL:

Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

# IN THE CIRCUIT COURT IN AND FOR THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY

CARMELO ETIENNE

       Plaintiff,

                                        Case Number: 312018CA000102

v.

INDIAN RIVER COUNTY SHERIFF'S OFFICE, et al.,

       Defendants.
_____/

## ORDER

This cause, having come before the Court, upon Defendant Jeffrey R. Smith's Motion to Dismiss, and the Court being otherwise fully advised in the premises, it is thereupon

DONE and ORDERED as follows:

1.    The defendant's Motion to Dismiss is hereby granted. The plaintiff's complaint fails to state a cause of action against defendant, Jeffrey R. Smith.

2.    The plaintiff shall have 20 days from the date of the entry of this order to file his amended pleadings. Failure to timely file an amended complaint will result in the case being dismissed without further hearing.

Done and Ordered at Vero Beach, Indian River County, Florida, this 22nd day of May, 2018.

                                                       _____
                                                       Paul B. Kanarek, Circuit Judge

cc:   Jason L. Odom, Esq. – Eservice: jlo-eservice@gouldcooksey.com; jodom@gouldcooksey.com
       Carmelo Etienne - Weareequalpeoplelive@gmail.com, 1725 38th Street, Vero Beach, FL 32960
       Sophia Thelisma - Weareequalpeoplelive@gmail.com, 1725 38th Street, Vero Beach, FL 32960

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401

May 21, 2018

**CASE NO.: 4D18-1283**
L.T. No.: 312018CA000102
312018CA000103

CARMELO ETIENNE     v.     INDIAN RIVER SHERIFF'S OFFICE

Appellant / Petitioner(s)     Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED sua sponte that the above-styled appeal is dismissed for nonpayment of the $300.00 filing fee.

Served:

cc:   Ernest Clayton Yates     Carmelo Etienne     Sophia Thelisma
     Clerk Indian River     Hon. Paul B. Kanarek

ct

**LONN WEISSBLUM, Clerk**
Fourth District Court of Appeal

*United States District Court Maynard*

  

## THE MOORISH NATIONAL REPUBLIC FEDERAL GOVERNMENT NORTHWEST AFRICA.
## THE MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD.
*Northwest Amexem / Northwest Africa / North America.*
**'The North Gate'.**
Societas Republicae Ea Al Maurikanos.
Aboriginal and Indigenous Natural Peoples of the Land.
**The true and de jure Al Moroccans / Americans**

## Averment Of Jurisdiction - Quo Warranto
**For The Record, To Be Read Into The Record**
**Notice to Agent is Notice to Principal – Notice to Principal is Notice to Agent.**

May 25, 2018

Department of Children and Families
Melissa Kay Cline et Al.
1145 18th Place
Vero Beach Florida, 32960
Re:31-2018-DP-000028/ 31-2018-DP-000029/ 31-2018-DP-000050

### Res Judicata

**Hagans v Lavine 415 U.S. 533.**, There is no discretion to ignore lack of jurisdiction. **Joyce v U.S. 474 2d 215;** The law provides that once State and Federal jurisdiction have been challenged, it must be proven. **Main v Thiboutot 100. S. Ct 2501 (1980);** " Jurisdiction can be challenged at any time " and "jurisdiction, once challenged, cannot be assumed and must be decided". **Basso v Utah Power and Light Co. 495 F.2d 906,910.**

As all government entities and alleged private corporations must be a creature of the American Constitution, this is a formal Request and Command for Department of Children and Families
 and Melissa Kay Cline, Thomas Loveland, Ashley Delaney, Katherine Browder, Tiffany Perry, Tim Slavens, Thomas Owens, Robert Shae, Anna Wetherly, Tony V Collins, Sarah Lala, Sharon Smart, Milton Perinon, Et Al. to produce for the record, the physical documented **'Delegation of Authority'**, as Proof of **Jurisdiction**, as required by **Law**, per Article III, Section 1 of the United States Republic Constitution.

PUBLIC HAZARD BONDING OF CORPORATE AGENTS All officials are required by federal, state, and municipal law to provide the name, address and telephone number of their public hazard and malpractice bonding company and the policy number of the bond and, if required, a copy of the policy describing the bonding coverage of their specific job performance. Failure to provide this information constitutes corporate and limited liability insurance fraud (15 USC) and is prim a facie evidence and grounds to impose a lien upon the official personally to secure their public oath and service of office. (18 USC 912).

> "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury and shall be fined no more than $2,000.00 or imprisoned not more than five years or both." 18 U.S.C. §1621

Thank You,

I Am:MOOR Carmelo Etienne
Authorized Representative
Flesh and Blood Being, In Propria Persona
All Rights Reserved: U.C.C. 1-207/1-308; U.C.C.1-103
[c/o1725 38th Street Near Vero Beach]
Northwest Amexem

cc:
United Nations
High Commissioner for Human Rights
Prince Zeid Bin Ra'ad Al Hussein, Palais Wilson

International Criminal Court
Luis Moreno-Ocampo

International Court of Justice
Peace Palace
The Hague Netherland

Interpol
Lyon, France

President Donald Trump
White House Washington DC

United States Department of State
Mike Pompeo

Great Seal National Association of Moorish Affairs
Minister :A-El / Minister Taj Tarik Bey / Minister William Salaam Hall:El

United States Justice Department
Attorney General Eric H. Holder Jr.

*Moor, Moor, Carmelo Etienne*



18-14061-CV-Martinez/Maynard
United States District Court.



# THE MOORISH NATIONAL REPUBLIC FEDERAL GOVERNMENT NORTHWEST AFRICA.
## THE MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD.
*Northwest Amexem / Northwest Africa / North America.*
### 'The North Gate'.
Societas Republicae Ea Al Maurikanos.
Aboriginal and Indigenous Natural Peoples of the Land.
**The true and de jure Al Moroccans / Americans**

## Averment Of Jurisdiction - Quo Warranto
### For The Record, To Be Read Into The Record
**Notice to Agent is Notice to Principal – Notice to Principal is Notice to Agent.**

May 25, 2018

Department of Children and Families
Melissa Kay Cline et Al.
1145 18th Place
Vero Beach Florida, 32960
Re:31-2018-DP-000028/ 31-2018-DP-000029/ 31-2018-DP-000050

Res Judicata

**Hagans v Lavine 415 U.S. 533.**, There is no discretion to ignore lack of jurisdiction. **Joyce v U.S. 474 2d 215;** The law provides that once State and Federal jurisdiction have been challenged, it must be proven. **Main v Thiboutot 100. S. Ct 2501 (1980);** " Jurisdiction can be challenged at any time " and "jurisdiction, once challenged, cannot be assumed and must be decided". **Basso v Utah Power and Light Co. 495 F.2d 906,910.**

As all government entities and alleged private corporations must be a creature of the American Constitution, this is a formal Request and Command for Department of Children and Families
 and Melissa Kay Cline, Thomas Loveland, Ashley Delaney, Katherine Browder, Tiffany Perry, Tim Slavens, Thomas Owens, Robert Shae, Anna Wetherly, Tony V Collins, Sarah Lala, Sharon Smart, Milton Perinon, Et Al. to produce for the record, the physical documented **'Delegation of Authority'**, as Proof of **Jurisdiction**, as required by **Law**, per Article III, Section 1 of the United States Republic Constitution.

PUBLIC HAZARD BONDING OF CORPORATE AGENTS All officials are required by federal, state, and municipal law to provide the name, address and telephone number of their public hazard and malpractice bonding company and the policy number of the bond and, if required, a copy of the policy describing the bonding coverage of their specific job performance. Failure to provide this information constitutes corporate and limited liability insurance fraud (15 USC) and is prim a facie evidence and grounds to impose a lien upon the official personally to secure their public oath and service of office. (18 USC 912).

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury and shall be fined no more than $2,000.00 or imprisoned not more than five years or both." 18 U.S.C. §1621

Thank You,

I Am:MOOR Sophia Thelisma
Authorized Representative
Flesh and Blood Being, In Propria Persona
All Rights Reserved: U.C.C. 1-207/1-308; U.C.C.1-103
[c/o1725 38th Street Near Vero Beach]
Northwest Amexem

cc:
United Nations
High Commissioner for Human Rights
Prince Zeid Bin Ra'ad Al Hussein, Palais Wilson

International Criminal Court
Luis Moreno-Ocampo

International Court of Justice
Peace Palace
The Hague Netherland

Interpol
Lyon, France

President Donald Trump
White House Washington DC

United States Department of State
Mike Pompeo

Great Seal National Association of Moorish Affairs
Minister :A-El / Minister Taj Tarik Bey / Minister William Salaam Hall:El

United States Justice Department
Attorney General Eric H. Holder Jr.