UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

18-14061-CIV-MARTINEZ-MAYNARD

CARMELO ETIENNE,
SOPHIA THELISMA,
MOORISH EMPIRE, and MOORS,
    Plaintiffs
vs.

THOMAS LOVELAND, et.al.,
    Defendants.
_____/

## SPECIAL APPEARANCE FOR RESPONSE TO EMERGENCY MOTION FOR DEFAULT

Pursuant to Fed. R. Civ. P. 12 (b)(5), the Defendant, FLORIDA DEPARTMENT OF HEALTH (hereinafter referred to as "DOH"), and Defendant, Julianne Price, Health Department Administrator, Florida Department of Health, by and through undersigned counsel, enters a special appearance and moves this Court for entry of an order denying the Plaintiffs' Emergency Motion for Default and states as follows:

### INTRODUCTION

Plaintiffs, Carmelo Etienne, Sophia Thelisma, Moorish Empire and Moors are *pro se* litigants who filed a violation of civil rights complaint with the Court on February 16, 2018 (DE#1) and then filed an "Amended Complaint for a Civil Case Alleging Breach of Contract" on March 19, 2018 (DE# 14).  A review of the civil docket for this case reflects that the Plaintiffs filed yet another amended complaint for violation of civil rights on March 23, 2018 (DE#19), on March 21, 2018 (DE#17) and yet another one on March 23, 2018 (DE#19).

The Plaintiffs filed with the Court Proofs of Service attaching a Return Receipt Card from the United States Postal Service for each of the following Defendants: Thomas Loveland

and Patrick O'Brian (DE#12), Defendant, Ashley Delaney (DE#13) and Defendants, Robert Shae, Tiffany Perry, Perinon Milton, Tim Slavens, Owens Thomas and Department of Children and Families (DE#15). A "Motion for Order of Default and Emergency Motion" was filed by the Plaintiffs on March 23, 2018 seeking a default against all Defendants for failure to file a response or any paper as require by law. (DE#21). Service of Process is insufficient in this case for failure to comply with the appropriate provisions of the Florida Statutes and therefore should be quashed. This motion is made for the sole purpose of quashing the summons improperly served on the Defendants at this particular time.

## **MEMORANDUM OF LAW**

Fed. R. Civ. P. 4(e)(2) provides for service of an individual by either:

a. delivering a copy of the summons and of the complaint to the individual personally;

b. leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

c. delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1) provides for service of an individual by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Florida service of process is governed by Fla. Stat. Ann. § 48.031 (West 2009). Under Florida law, service is made by delivering directly to the person to be served a "copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents". Fla. Stat. Ann. § 48.031(1)(a).

Florida law also provides that "process shall be served by the sheriff of the county where the person to be served is found, except initial non-enforceable civil process … may be served by a special process server appointed by the sheriff as provided for in this section or by a certified process server." See Fla. Stat. Ann. § 48.021(1) (West). Sections 48.25-48.31, provide for certification of process servers by the "circuit court administrator and the clerk of the court in each county in the circuit." See Fla. Stat. Ann. § 48.29(1) (West).

Statutes governing substituted service of process must be strictly construed to ensure that a defendant receives notice of the proceedings and to ensure that the Court obtains personal jurisdiction over the defendant. Abbate v. Provident Nat. Bank, 631 So. 2d 312, 313 (Fla. Dist. Ct. App. 1994).

Thus, regardless of whether Federal or State law is applied the primary method of service is personal service. Moreover, neither the Federal or Florida Rules of Civil Procedure provide for service of initial pleadings upon individuals by certified mail where the defendant is located within the State of Florida. See Fed. R. Civ. P. 4; Fla. Stat. Ann. § 48.031.

Plaintiffs are attempting to effect service on the Defendants by mailing a copy of the summons and complaint via the United States Postal Service (see DE#12, DE#13 and DE #15). There has been no personal service on the Defendants. The Defendants do not waive service or process nor do they waive any subsequent objections they may file on service or jurisdiction. The law is very clear, that "If a defendant receives mail service but chooses not to respond, the plaintiff must effect personal service. The defendant's actual notice of the lawsuit does not eliminate this requirement." Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) (summons and complaint served on defendant by certified mail, return receipt requested, was not proper service). The Plaintiffs in this case must comply with the Rules in obtaining personal service in

order for the Plaintiff to proceed with this lawsuit.

## CONCLUSION

Service was not effected on the Florida DEPARTMENT OF HEALTH pursuant to Fed. R. Civ. P. 4. Further, there was no service on the Defendant in a manner which complied with the State of Florida's requirements for service of process. Therefore, the Defendant is entitled to have the summonses quashed for insufficient service of process and for any other relief that this Court deem proper.

> Respectfully submitted,
>
> PAMELA JO BONDI
> ATTORNEY GENERAL
> /s/ Maria Guitian Barker
> MARIA GUITIAN BARKER
> Assistant Attorney General
> Florida Bar Number 813966
> Office of the Attorney General
> 110 S.E. 6th Street, 10th Floor
> Fort Lauderdale, FL 33301-5001
> Ph: (954) 712-4600
> Fax: (954) 527-3702
> Email:
> maria.guitianbarker@myfloridalegal.com
> Attorney for the State Attorney's Office

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

> /s/ Maria Guitian Barker
> Maria Guitian Barker
> Assistant Attorney General

## SERVICE LIST

Carmelo Etienne
1725 38 Street
Vero Beach, Florida 32960
Weareequalpeoplelive@gmail.com

Sophia Thelisma
1725 38 Street
Vero Beach, Florida 32960
Weareequalpeoplelive@gmail.com